ROBERTSON, Justice:
The appellants are the heirs at law of the Rev. Daniel W. Glover, deceased. They appeal from a judgment of the Circuit Court of Lawrence County, Mississippi, based upon a directed verdict for the Defendant-Appellee. The only error assigned by the appellants is that “the lower court committed prejudicial error by sustaining a motion for a directed verdict on behalf of appellee.”
About 4:30 p.m. on March 10, 1964, a clear and dry day, the deceased, Rev. Daniel W. Glover, was driving his 1955 Chevrolet automobile in a northerly direction on Highway 27 about five miles south of Monticello, Mississippi. The appellee was driving his Rambler station wagon in a southerly direction on Highway 27. At this point Highway 27 is a blacktop two-lane highway and runs generally north and south. The paved portion is about 22 *487 feet wide and there are eight-foot gravel shoulders on each side of the highway. Old Highway 27, which is a gravel road, extends in a northwesterly direction from its juncture with paved Highway 27. Old Highway 27 joins paved Highway 27 almost at the crest of a hill, and from this intersection paved Highway 27 stretches north in a gentle decline for about 900 feet.
The deceased, Rev. Glover, without stopping and at a speed of 35 to 40 miles an hour, turned left across the southbound traffic lane of Highway 27 into old, graveled Highway 27. Before Rev. Glover had cleared the intersection and while the back wheels of his car were still on the pavement, the left front of the Rambler station wagon, driven by Appellee Boggan, collided with the right front of Rev. Glover's car. Glover was killed, and the wife of the appellee, sitting on the front seat of the station wagon with her husband, was also killed. The appellee, and his aunt, who was sitting on the rear seat of the station wagon, were injured.
From the south, a solid yellow line on the east side of the center line extends up to the point of intersection of old and new Highways 27; and from the north, a solid yellow line on the west side of the center line extends down to the point of intersection of these two highways.
The appellants charged in their declaration that the appellees was driving at an excessive and dangerous rate of speed, that he failed to keep a reasonable and proper lookout for the deceased, and that he failed to yield the right-of-way to the deceased, Rev. Glover, who had entered and occupied the intersection first. The appellants further alleged that the appellee, after topping the hill, saw, or by the exercise of reasonable care should have seen, the deceased as he turned left across the lane of traffic of appellee into gravel Highway 27, and that the appellee did not have his car under reasonable and proper control so that he could stop his car before it crashed into the car of the deceased.
Rev. Glover was a retired preacher and about 73 years of age at the time of his death. The appellants demanded judgment in the sum of $10,000 actual and punitive damages.
The only eyewitness to the collision was Jesse Lee (Dock) Dean, a colored man who was driving a truck north on paved Highway 27 behind the automobile of deceased. He testified that Rev. Glover passed him on a curve about one mile south of where the collision occurred; that he, Dean, was traveling about 35 miles per hour at the time; that Glover was never out of his sight after passing him; and that he was trailing Glover at about 300 feet. Glover made the left turn into gravel Highway 27 without stopping and without giving a signal. Dean did not see the station wagon of appellee until the two cars collided, and he stated that it happened in the bat of an eye after Glover attempted to turn left into old Highway 27.
Mr. Mack Hedgepeth’s home was about 125 feet west of the intersection of old and new Highways 27. Hedgepeth, at the time of the collision, was in the kitchen on the northwest corner of his home. He heard a noise and looked out the kitchen window and saw the red station wagon pass, and then heard the crash almost immediately thereafter. Hedgepeth testified that both glass windows of Glover’s car were up, that the actual point of impact was south of where old Highway 27 entered new Highway 27 and that Glover’s car was about half on the pavement and half off on the shoulder. He noticed skid marks a day or so later in the southbound traffic lane, the appellee’s lane of traffic. After the impact, appellee’s car was headed in a southwesterly direction and deceased’s in a northwesterly direction.
After the appellants rested, the appellee moved for a directed verdict, contending that the appellants had not met the burden *488 of proof and had shown no negligence on the part of the appellee.
The court sustained the motion for a directed verdict. We think the court was correct in so doing.
The burden was upon appellants as plaintiffs to offer some proof of negligence on the part of the appellee as defendant. There is not one scintilla of evidence of any negligence on the part of the appellee. It is true that negligence was charged in the declaration, but that is not enough; there must be some proof of negligence.
This is not a res ipsa loquitur case; the mere happening of the accident in and of itself does not show negligence.
No one except Mack Hedgepeth testified that he saw the car of the appellee before the accident. There was no testimony as to the speed of appellee’s station wagon and none as to its location at the time the deceased made his move to turn left across the appellee’s lane of travel. It would have been an impossibility for the appellee’s car to travel 900 feet while the car of the deceased was traveling only 58 feet.
The only logical explanation for the fact that Dean, the only eyewitness, did not see the station wagon of appellee before the collision is that Glover made his turn directly in front of the car of the appellee, and thus blocked the view of Dean. Dean did testify that he was 300 feet behind the deceased’s car, that he was watching the road in front of him, and that he didn’t see the appellee’s car until they collided.
The only evidence that the appellants offered was that the accident happened in the appellee’s lane of travel, partly on the paved highway and partly on the gravel shoulder, and that the deceased made a left turn across appellee’s lane of travel without stopping while traveling about 35 miles an hour.
The trial judge did the only thing that he could do, and that was to sustain the motion for a directed verdict. We, therefore, affirm the judgment of the trial court.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and INZER, JJ. concur.,